## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHELLE CHARLES,** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **NO.  15-2270** |
| | |
| **POSIGEN OF LOUISIANA, ET AL.** | **SECTION: "E" (4)** |
| **Defendants** | |

### ORDER AND REASONS

Before the Court is Defendants' motion to dismiss.[1]

### BACKGROUND

Plaintiff Michelle Charles ("Plaintiff") brings this suit under Title VII of the Civil Rights Act of 1964[2] against her former employer PosiGen.[3] Plaintiff worked for Defendants initially as a notary and then as a customer service liaison.[4] Plaintiff alleges that, while employed with Defendants, she was "repeatedly overlooked for various jobs despite her academic credentials, positive recognition[,] and accolades on the job" and "was asked to perform duties outside the scope of employment without compensation."[5] Plaintiff further alleges that Defendants "made ongoing promises of advancement and promotion but failed to take action" and that, while Defendants "repeatedly changed compensation packages to avoid the payout of bonuses to Plaintiff," Defendants "showered other employees with lavish gifts and unearned bonuses."[6]

---

[1] R. Doc. 15.

[2] 42 U.S.C. § 2000e, et seq.

[3] The named defendants in this action are PosiGen of Louisiana, LLC, PosiGen GP, LLC, PosiGen Energy Efficiency of Louisiana, LLC, PosiGen, LLC, Green Grants, PosiGen Solar Hot Water of Louisiana, LLC, and PosiGen Solar Solutions, LLC, (collectively, "Defendants").

[4] R. Doc. 1 at ¶ 17.

[5] *Id.* at ¶ 19.

[6] *Id.* at ¶ 26.

On November 5, 2014, Plaintiff filed a charge of discrimination on the basis of race with the Equal Employment Opportunity Commission ("EEOC") against Defendants.[7] She asserted that the discrimination occurred on November 3, 2014.[8] The EEOC issued a right to sue notice on March 17, 2015.[9]

Plaintiff filed this suit on June 22, 2015, asserting claims for gender and racial discrimination pursuant to Title VII as well as state-law claims for unpaid wages, unjust enrichment, breach of contract, detrimental reliance, and violations of the Louisiana Unfair Trade Practices Act, Louisiana antitrust laws, and Louisiana labor laws.[10]

On November 13, 2015, Defendants filed a motion to dismiss Plaintiff's Title VII claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[11] Defendants argue (1) Plaintiff failed to exhaust her administrative remedies with respect to her Title VII gender discrimination claim, and (2) Plaintiff failed to timely file her Title VII racial discrimination claim.[12] Plaintiff filed a response in opposition on January 28, 2016.[13] Defendants filed a reply in support of their motion on February 4, 2016.[14]

## STANDARD OF LAW

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[15] A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject-matter

---

[7] R. Doc. 1-1 at 3.
[8] *Id.*
[9] R. Doc. 1-2 at 2.
[10] R. Doc. 1 at ¶¶ 34–66.
[11] R. Doc. 15.
[12] *Id.*
[13] R. Doc. 28.
[14] R. Doc. 33.
[15] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).

jurisdiction.[16] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[17] The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.[18]

When deciding a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[19] The Court may consider only the pleadings, the documents attached to or incorporated by reference in the plaintiff's complaint, the facts of which judicial notice may be taken, matters of public record,[20] and documents attached to a motion to dismiss "when the documents are referred to in the pleadings and are central to a plaintiff's claims."[21] If the Court accepts materials outside of the pleadings that do not fit within these parameters, the Court must treat the Rule 12(b)(6) motion as a motion for summary judgment pursuant to Rule 56.[22]

For the complaint to survive a motion to dismiss, the facts taken as true must state a claim that is plausible on its face.[23] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has

---

[16] *See* FED. R. CIV. P. 12(b)(1).
[17] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[18] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[19] *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1935, 188 (2014).
[20] *See U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[21] *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).
[22] FED. R. CIV. P. 12(d).
[23] *Brand*, 748 F.3d at 637–38.
[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

acted unlawfully."[25] A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action."[26] The Court cannot grant a motion to dismiss under Rule 12(b)(6) "unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint."[27]

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."[28] Leave to amend should be "freely given."[29]

## ANALYSIS

I.   <u>Has Plaintiff Exhausted Her Administrative Remedies with Respect to Her Title VII Gender Discrimination Claim?</u>

Defendants argue Plaintiff has failed to exhaust her administrative remedies with respect to her Title VII claim for gender discrimination.[30] Defendants argue that, as a result, this Court lacks subject-matter jurisdiction over Plaintiff's gender discrimination claim.[31] Plaintiff fails to respond to this argument.[32]

Title VII makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

---

[25] *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

[26] *Whitley*, 726 F.3d at 638 (citation omitted) (internal quotation marks omitted).

[27] *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

[28] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

[29] *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir.2004).

[30] R. Doc. 15-1 at 2–6.

[31] *Id.*

[32] *See* R. Docs. 30, 26-1. With respect to her gender discrimination claim, Plaintiff argues only that her complaint "alleged true and accurate legal claims under Title VII on which relief can be granted for gender and racial discrimination and/or retaliation." R. Doc. 30 at 1.

individual's race . . . [or] sex . . . ."[33] A plaintiff must exhaust her administrative remedies before bringing suit under Title VII.[34] "In order to file suit under Title VII, a plaintiff first must file a charge with the EEOC within 180 days of the alleged discriminatory act. If and once the EEOC issues a right-to-sue letter to the party who has filed the EEOC charge, that party has 90 days to file a Title VII action."[35]

The scope of the exhaustion requirement has been defined in light of two competing Title VII policies that it furthers.[36] "On the one hand, because the provisions of Title VII were not designed for the sophisticated, and because most complaints are initiated pro se, the scope of an EEOC complaint should be construed liberally. On the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims."[37]

"There is some ambiguity in the Fifth Circuit regarding whether dismissal of a Title VII claim for failure to exhaust administrative remedies should be under Rule 12(b)(1) or Rule 12(b)(6)."[38] This ambiguity stems from the "disagreement in this circuit on whether a Title-VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction."[39] While the Supreme Court has held that the EEOC filing deadlines are not jurisdictional, neither the Supreme Court nor the Fifth Circuit has ruled that the

---

[33] 42 U.S.C. § 2000e-2(a)(1).
[34] *Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 (5th Cir. 2006).
[35] *Id.*
[36] *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006).
[37] *Id.* at 788–89.
[38] *Chhim v. Univ. of Houston Clear Lake*, 129 F. Supp. 3d 507, 514 n.8 (S.D. Tex. 2015). *See also Williams v. E.I. du Pont de Nemours & Co.*, No. 14-382, 2015 WL 9581824, at *18 n.14 (M.D. La. Dec. 30, 2015).
[39] *Pacheco*, 448 F.3d at 788 n.7. *See also Chhim*, 129 F. Supp. 3d at 514 n.8.

*exhaustion* requirement is jurisdictional.[40] Fifth Circuit panels are "in disagreement" over whether failure to exhaust is a prerequisite to federal subject-matter jurisdiction.[41] Accordingly, the Court will analyze this issue under Rule 12(b)(6) but notes that whether Plaintiff's claim for gender discrimination is properly dismissed under Rule 12(b)(6) instead of Rule 12(b)(1) is not dispositive of this issue.[42]

The Fifth Circuit "has held that a failure to allege sex discrimination in an EEOC charge properly results in dismissal of a subsequent complaint for lack of exhaustion."[43] The scope of a Title VII complaint is limited to the scope of the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination.[44] A charging party's rights, however "should not be cut off merely because he fails to articulate correctly the legal conclusion emanating from his factual allegations. Instead, the proper question is whether the charge has stated sufficient facts to trigger an EEOC investigation, and to put an employer on notice of the existence and nature of the charges against him."[45]

On Plaintiff's charge of discrimination, Plaintiff checked only the box next to "race," indicating she alleged discrimination based on race.[46] She did not check the box next to "sex" or any other category. In the "particulars" section of the charge, Plaintiff explained as follows:

> On October 12, 2014 I submitted my resume for the position of Customer Service Manager. On November 3, 2014, Crystal Burnham (W), who was hired January 2013 and performed the duties of Document Control Lead was promoted to the position of Acting Customer Service Manager. . . .

---

[40] *Pacheco*, 448 F.3d at 788 n.7.

[41] *Id.*

[42] *See Chhim*, 129 F. Supp. 3d at 514 n.8.

[43] *Mack v. John L. Wortham & Son, L.P.*, 541 F. App'x 348, 358 (5th Cir. 2013) (per curiam). *See Young v. City of Hous.*, 906 F.2d 177, 179 (5th Cir. 1990).

[44] *Thomas v. Texas Dep't of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000); *Mack*, 541 F. App'x at 358.

[45] *Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 272 (5th Cir. 2013) (per curiam) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970); *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003)).

[46] R. Doc. 1-1 at 3.

> I was told by Ms. Hirsch, Customer Service Advocate[,] that I did not get the promotion because she trusted that Ms. Burnham could get the department in shape. Ms. Burnham has no sales experience.
>
> I believe I was denied the promotion because of my race, Black, in violation of Title VII of The Civil Rights Act of 1964, as amended.[47]

Although which boxes a claimant checks on the charge is not exclusively determinative of which claims she may pursue in court, it is indicative of which claims she intended to pursue.[48]

In *Frazier v. Sabine River Authority Louisiana*, although the plaintiff made a claim in court for retaliation, he did not check the "retaliation" box on his charge of discrimination and, in the particulars section, failed to mention any claim of retaliation.[49] The plaintiff argued on appeal that failure to check the appropriate box was not fatal to his retaliation claim.[50] The Fifth Circuit explained, "While the court's scope of inquiry is not limited to the boxes checked, it is limited to that which can reasonably be expected to grow out of the charge. [T]he crucial element of a charge of discrimination is the factual statement contained therein. Everything else entered on the form is, in essence, a mere amplification of the factual allegations."[51] The Fifth Circuit affirmed the district court's finding that the plaintiff did not preserve a retaliation claim because the factual statement in his EEOC charge "did not put [the defendant] on notice that [the plaintiff] was asserting a retaliation claim."[52]

---

[47] *Id.*
[48] *See Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998)
[49] *Frazier v. Sabine River Auth. La.*, 509 F. App'x 370, 373–74 (5th Cir. 2013) (per curiam).
[50] *Id.* at 374.
[51] *Id.* (citations omitted) (internal quotation marks omitted).
[52] *Id.*

Here, Plaintiff checked only the box next to "race." She did not provide any basis for a gender or sex discrimination claim in her charge.[53] Indeed, in the "particulars" section, Plaintiff noted that another woman with less experience was promoted over her.[54] Plaintiff also expressly stated in the charge that she believes she was denied the promotion because of her race.[55] She made no mention of her gender or sex.[56] "One of the central purposes of the employment discrimination charge is to put employers on notice of 'the existence and nature of the charges against them.' In order to adequately notify employers about the nature of the charges against them, employees must inform their employers from the outset about their claims of discrimination."[57] Plaintiff's charge failed to put Defendants on notice that she was raising a claim for gender discrimination. The Court finds Plaintiff has failed to exhaust her Title VII claim for gender discrimination and her complaint exceeds the scope of the EEOC investigation that can reasonably be expected to grow out of her charge of discrimination.[58] "A Title VII suit may extend as far as, but not further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge."[59] Accordingly, because plaintiffs must "exhaust their administrative remedies before bringing suit under Title VII," the Court cannot grant Plaintiff relief on her Title VII claim for gender discrimination. Plaintiff's Title VII claim for gender discrimination must be dismissed without prejudice for failure to exhaust.[60]

---

[53] *See* R. Doc. 1-1 at 3.
[54] *Id.*
[55] *Id.*
[56] *See id.*
[57] *Manning*, 332 F.3d at 878–79 (quoting *EEOC v. Shell Oil Co.*, 466 U.S. 54, 77 (1984)).
[58] *Thomas*, 220 F.3d at 395; *Mack*, 541 F. App'x at 358.
[59] *See also Simmons-Myers*, 515 F. App'x at 272 (quoting *Fine v. GAF Chem. Corp.*, 995 F.2d 1112, 1123 (5th Cir. 1981)) (internal quotation marks omitted).
[60] *See Price*, 459 F.3d at 598.

II.    **Is Plaintiff's Title VII Race Discrimination Claim Time-Barred?**

Defendants argue Plaintiff's Title VII claim for discrimination on the basis of race should be dismissed because it was filed beyond the statutory deadline.[61]

A plaintiff alleging employment discrimination under Title VII must file suit no more than 90 days after she receives statutory notice of her right to sue from the EEOC.[62] Title VII provides "in no uncertain terms that the ninety-day period of limitations begins to run on the date that the EEOC right-to-sue letter is received."[63] The requirement that a plaintiff file a lawsuit within this ninety-day period is "strictly construed."[64]

In Plaintiff's complaint, Plaintiff alleges that, "[o]n or about March 22, 2015," the EEOC issued the right-to-sue notice.[65] This, however, is contradicted by the right-to-sue notice attached to Plaintiff's complaint, which states it was mailed on March 17, 2015.[66] The notice clearly states, "Your lawsuit under Title VII . . . **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**[] or your right to sue based on this charge will be lost."[67] Plaintiff filed suit on June 22, 2015.[68]

In Plaintiff's opposition attached to her motion for leave to file an opposition, Plaintiff stated she "did not receive that notice until March 24, 2015."[69] In the same paragraph, she subsequently stated that "the earliest the Plaintiff would have received mail from the EEOC would have been March 23 or March 24, 2015."[70] In the opposition

---

[61] R. Doc. 15-1 at 6–7.
[62] 42 U.S.C. § 2000e-5(f)(1); *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (per curiam).
[63] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).
[64] *Gamel v. Grant Prideco, L.P.*, 625 F. App'x 690, 694 (5th Cir. 2015) (per curiam) (quoting *Taylor*, 296 F.3d at 379).
[65] *Id.* at ¶ 15.
[66] R. Doc. 1-2 at 2.
[67] *Id.*
[68] *See* R. Doc. 1.
[69] R. Doc. 26-1 at 2.
[70] *Id.* at 3.

Plaintiff filed after the Court granted leave, Plaintiff removed the latter statement and maintained only that she "received her right to sue letter on March 24, 2015."[71] On a motion to dismiss, however, the Court may consider only the pleadings, the documents attached to or incorporated by reference in the plaintiff's complaint, the facts of which judicial notice may be taken, matters of public record, and documents attached to a motion to dismiss when the documents are referred to in the pleadings and are central to a plaintiff's claims.[72]

   Plaintiff fails to allege in her complaint when she received the right-to-sue letter. The Fifth Circuit recently held that, "where the date of receipt [of a right-to-sue letter] is not known, courts should apply a presumption that the plaintiff received the notice in three days."[73] The Fifth Circuit has explained that applying a presumption of receipt is appropriate when the plaintiff fails to allege the specific date on which she actually received the right-to-sue letter and the date the letter was received is unknown.[74] Thus, the Court presumes Plaintiff received the right-to-sue letter on March 20, 2015, three days after the mailing date on the right-to-sue notice.[75] Plaintiff filed her suit on June 22, 2015, 94 days after she presumably received the letter. The Court reiterates that the 90-day filing deadline is "strictly construed."[76] Accordingly, Plaintiff's complaint is untimely. The

---

[71] R. Doc. 30 at 1.

[72] *Brand Coupon*, 748 F.3d at 635; *Humana*, 336 F.3d at 379; *Lovelace*, 78 F.3d at 1017–18; *Baker*, 75 F.3d at 196.

[73] *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015).

[74] *Taylor*, 296 F.3d at 379. *See also Lee v. Columbia/HCA of New Orleans, Inc.*, 611 F. App'x 810, 812 (5th Cir. 2015) (per curiam) ("In the absence of a concrete allegation to the contrary, we presume that a claimant receives an EEOC right-to-sue letter within three days after it is mailed.").

[75] *See* R. Doc. 1-2 at 2.

[76] *Gamel*, 625 F. App'x at 694. *See, e.g., Bowers v. Potter*, 113 F. App'x 610, 613 (5th Cir. 2004) (per curiam) (noting that a complaint filed two days after the 90-day deadline would be subject to dismissal); *Taylor*, 296 F.3d at 379 ("Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired."); *Dorest v. Piney Point Surgical Ctr.*, No. 10-03908, 2011 WL 2633575, at *2 (S.D. Tex. July 5, 2011) (dismissing case where plaintiff filed her complaint at least 93 days after she alleged her right-to-sue letter was sent); *Morgan v. Potter*, No. 05-2860, 2006 WL 380548, at *2 (E.D. La. Feb. 13, 2006), *aff'd*, 489 F.3d 195 (5th Cir. 2007) (dismissing the

Court grants the motion to dismiss Plaintiff's Title VII claim for race discrimination without prejudice. Plaintiff may amend her complaint to allege the date on which she received the right-to-sue letter by **June 30, 2016**.[77] Failure to do so will result in dismissal of her claim with prejudice.[78]

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Defendants' motion to dismiss is **GRANTED**. Plaintiff, however, may amend her complaint by **June 30, 2016**, to allege the date on which she received notice of her right to sue from the EEOC.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII claim for gender discrimination is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust her administrative remedies.

**New Orleans, Louisiana, this 17th day of June, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

plaintiff's complaint as untimely because it was filed 92 days after the plaintiff presumptively received her right-to-sue letter from the EEOC and the plaintiff "ha[d] not alerted the Court to any circumstances which would warrant the tolling of the ninety-day period nor ha[d] she disputed the date by which she was presumed to have received her notice of right-to-sue"); *Butler v. Orleans Par. Sch. Bd.*, No. 00-0845, 2001 WL 1135616, at *1 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where plaintiff filed suit ninety-one days after receiving her right-to-sue notice).

[77] *See Great Plains*, 313 F.3d at 329 ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian*, 363 F.3d at 403 ("Leave to amend should be freely given.").

[78] *See Dorest*, 2011 WL 2633575, at *2.